**QIAO FANG ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–1906–ag.

United States Court of Appeals, Second Circuit.

April 26, 2007.

Robert J. Adinolfi, New York, New York, for Petitioner.

Rosa E. Rodriguez–Velez, United States Attorney; Nelson Pérez–Sosa, Assistant United States Attorney, Chief, Appellate Division, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiao Fang Zheng, a native and citizen of the People's Republic of China, seeks review of a March 28, 2006 order of the BIA affirming the October 13, 2004 decision of Immigration Judge ("IJ") Brigitte Laforeest denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiao Fang Zheng,* No. A97 385 230 (B.I.A. Mar. 28, 2006), *aff'g* No. A97 385 230 (Immig.Ct.N.Y.City, Oct. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.

2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, substantial and material inconsistencies in the record support the adverse credibility determination. In both her airport and credible fear interviews, Zheng stated under oath that she had a child when she was seventeen years old, out of wedlock. She also stated at her credible fear interview that she was ordered to have an IUD inserted, and that family planning officials damaged property in her home. However, she subsequently admitted that she lied to U.S. immigration officials about having a child out of wedlock because a "snakehead" had threatened her. Because these discrepancies were material to Zheng's claim that she feared persecution under the family planning policy, they substantiated the adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Additionally, the IJ appropriately concluded that Zheng's demeanor, which she found to be insincere, further undermined her credibility. The IJ was in the best position to discern the impression conveyed by Zheng. *See Zhou Yun Zhang,* 386 F.3d at 73. In light of the inconsistencies identified by the IJ, as well as her demeanor finding, substantial evidence supported the adverse credibility finding.

Zheng has also failed to establish eligibility for relief under the CAT with respect to her illegal departure claim. The IJ accurately observed that the State Department Profile indicated that: returnees were detained long enough for relatives to arrange their travel home; fines were rare; U.S. officials had not confirmed any cases of abuse of persons returned to China after having entered the United States illegally; and organizers or enforcers of illegal migrant trafficking were liable to face criminal prosecution. Thus, the BIA and IJ reasonably found that Zheng failed to prove a clear probability that she would be tortured if returned to China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).